IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODERICK D. WATSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0914-K |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Plaintiff Roderick D. Watson, a former inmate at FCI-Seagoville, against the United States of America, Warden Dan Joslin, the Bureau of Prisons, and unnamed prison employees. On May 5, 2005, plaintiff tendered a complaint to the district clerk and filed an application for leave to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire was then sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on August 8, 2005. The court now

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

determines that plaintiff should be permitted to prosecute his negligence claim under the Federal Tort Claims Act ("FTCA") against the United States of America. His claims against the other defendants should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff alleges that he was assaulted and stabbed by another inmate while incarcerated at FCI-Seagoville. The gravamen of his complaint is that prison officials were negligent in their supervision and classification of inmates which led to the assault. As relief, plaintiff seeks $5 million in damages.

A.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

B.

Plaintiff alleges that he was assaulted by another inmate as a result of the negligence of federal prison officials. Such a claim, which sounds in tort, must be brought under the FTCA. 28 U.S.C. § 2679(b)(1); *see also Galvin v. Occupational Safety & Health Administration*, 860 F.2d 181, 183 (5th Cir. 1988). Only the United States of America is a proper party to such an action. *Galvin*, 860 F.2d at 183.

**RECOMMENDATION**

Plaintiff should be allowed to prosecute his FTCA claim against the United States of America. His claims against the other defendants should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE